HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS K. NORDLIE AND KATHLEEN R. NORDLIE,

Plaintiffs,

v.

COMMISSIONER OF INTERNAL REVENUE

Defendant.

Civil No. C09-5037-RBL

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant's Motion to Dismiss [Dkt. #5]. For the reasons that follow, the Defendant's motion is GRANTED.

*I*. *Introduction*

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendant also argues that Plaintiffs' claim is precluded under the doctrine of res judicata because it has already been litigated in Tax Court. It also contends that this Court lacks jurisdiction over the claim pursuant to 26 U.S.C. § 6512(a), which prohibits re-litigating a tax year in district court if that year was previously litigated in tax court. [Dkts. # 5, #7].

Plaintiffs, appearing *pro se*, respond that the doctrine of res judicata does not apply because Plaintiffs' claim was not and could not have been raised in the Tax Court proceeding as it was based on subsequent events. Plaintiffs also contend that their claim constitutes a valid exception to § 6512(a)'s

jurisdictional bar against re-litigating certain tax issues in district court because the IRS collected excess tax over the amount earlier computed by the Tax Court. [Dkt. #6]. Plaintiffs request that the Court accept Plaintiffs' extra-pleading material and convert Defendant's motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 12(d).

The Plaintiffs also request more time so as to correct procedural defects in their Complaint.[1] The Court recognizes that "the rights of *pro se* litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984). However, there is no need for the Court to address the minor procedural defects in Plaintiffs' claim because it is still barred by the doctrine of res judicata and 26 U.S.C. § 6512(a).

## *II. Discussion*

**A. Background**

According to the Complaint [Dkt. #4], Plaintiffs received a collection notice from the IRS for taxes on a $25,000 loan that had been fraudulently taken out in Plaintiffs' name in 2001. Although the loan was subsequently cancelled, it was recorded by the IRS for tax purposes. Plaintiffs thus filed a petition with the Tax Court contesting the tax assessment. Plaintiffs and the IRS subsequently resolved the issue and the tax assessment was abated. On May 26, 2004 the Tax Court reduced Plaintiffs' 2001 tax liability to a stipulated judgment, ruling that there was "no deficiency in income tax due from, nor payment due to, [Plaintiffs] for the taxable year 2001." (U.S. Tax Court, Docket No. 006115-04). Plaintiffs did not appeal.

In 1998, Plaintiffs converted an IRA into a Roth IRA; agreeing to pay the tax on the rolled over contributions over a period of four years [Dkt. #4]. In their original 2001 tax return, Plaintiffs reported

---

[1] Plaintiffs request the Court's permission to change the Complaint's named defendant from the Commissioner of Internal Revenue to the United States of America in accordance with 26 U.S.C.§ 7422(f). Plaintiffs also request an extension under Fed. R. Civ. P. 4(m) to effect proper service on the United States Attorney General's office in Washington D.C. so as to comply with the relevant notice requirements of Fed. R. Civ. P. 4(i).

and paid taxes on 25% of the conversion of their IRA to their Roth IRA. After the close of the 2004 Tax Court case, Plaintiffs filed amended returns for 2000 and 2001. The amended 2000 return was corrected to report the 25% conversion that was incorrectly assessed and reported on the original 2001 return. Since this meant Plaintiffs would essentially be paying the same tax a second time, but in a different year, Plaintiffs asked the IRS to refund the tax paid in the original 2001 return. The IRS accepted the 2000 return but denied the 2001 amended return, informing Plaintiffs that while the tax was due on the 2000 amended return, the 2001 return could not be revised because the tax year was closed by the previous Tax Court judgment. Plaintiffs bring the current suit seeking reimbursement of the 2001 tax payment in the amount of $12,298.00.

**B. Defendant's Motions to Dismiss are Converted to Motion for Summary Judgment**

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs seek to convert Defendant's motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). The Court converts Defendant's motions to dismiss into a motion for summary judgment.

### *1. Fed. R. Civ. P. 12(b)(1)*

In *Rosales v. United States*, the Ninth Circuit held that when considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction prior to trial if the jurisdictional facts are not intertwined with the merits of the action. *Rosales v. United States*, 824 F.2d 799, 802-03 (9th Cir. 1987). However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* at 802-03. See also *Washington Cent. R. Co., Inc. v. National Mediation*

*Bd.*, 830 F.Supp. 1343, 1356 (E.D.Wash. 1993).

In this case, the determinative jurisdictional facts go directly to the merits. Whether the Court has subject matter jurisdiction here depends upon whether Plaintiffs' tax claim (1): is res judicata with respect to the prior decision of the Tax Court; and (2) is subject to an exception under 26 U.S.C. § 6512(a)(2) and is thus not precluded by 26 U.S.C. § 6512(a).

The Court thus reviews the Rule 12(b)(1) motion as one for summary judgment under Rule 56. Before summary judgment can be determined, all parties must be given notice of the motion and an opportunity to respond. However, the First Circuit has consistently held that in certain settings, a matter can adequately be heard if the parties had "fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions." *Morales-Feliciano v. Parole Bd. of the Commonwealth of Puerto Rico,* 887 F.2d 1, 6 (1st Cir.1989), cert. denied, 494 U.S. 1046 (1990); *Aoude v. Mobil Oil Corp.,* 862 F.2d 890, 894 (1st Cir.1988). In *Serrano v. Nicholson Nursery, Inc.*, 844 F.Supp. 73, 75 (D.Puerto Rico,1994), the Court held that plaintiff's sworn statements in support of their opposition to defendant's motion to dismiss coupled with defendant's reply thereto constituted fair opportunity to present relevant facts and arguments to the court. *Id*. at 75. As such, the Court may rule *sua sponte* on the motion for summary judgment as the parties have had a fair opportunity to present their claims.

### *2. Fed. R. Civ. P. 12(b)(6)*

A motion to dismiss made under Fed. R. Civ. P. 12(b)(6) must be treated as a motion for summary judgment under Fed. R. Civ. P. 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials. Fed.R.Civ.P. 12(b)(6); *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the court relied on the extraneous matter."). Failure to treat the motion as one for summary judgment would constitute reversible error. See *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir. 1982); *Costen v. Pauline's Sportswear, Inc*., 391 F.2d 81, 84-85 (9th Cir. 1968).

A party that has been notified that the court is considering material beyond the pleadings has received effective notice of the conversion to summary judgment. See *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir. 1985), cert. denied, 474 U.S. 826 (1985); *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (1982). Moreover, the fact that the court had before it exhibits outside the pleadings can constitute constructive notice. *See Grove*, 753 F.2d at 1533 (holding that notice is given "when a party has reason to know that the court will consider matters outside the pleadings").

A court may also grant summary judgment without notice if the losing party has had a "full and fair opportunity to ventilate the issues involved in the motion." *In Re Rothery*, 143 F.3d 546, 549 (9th Cir. 1998) (quoting *In re Harris Pine Mills*, 44 F.3d 1431, 1439 (9th Cir. 1995)).

Having considered evidence extrinsic to the original Complaint in Plaintiff's attached Declaration [Dkt. 6], the Court treats Defendant's 12(b)(6) motion to dismiss as one for summary judgment.

**C**. **Summary Judgment Standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy*, 68 F.3d at 1221.

*1. Plaintiffs' Previous Claim in Tax Court Precludes Plaintiffs from Bringing Current Claim*

*in District Court under 26 U.S.C. § 6512(a)*

Defendant argues that this Court does not have subject matter jurisdiction over Plaintiffs' claim. Internal Revenue Code 26 U.S.C. § 6512(a) states in pertinent part: "If the taxpayer files a petition with the Tax Court within the time prescribed . . . no credit or refund of income tax for the same taxable year…in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court." 26 U.S.C. § 6512(a). The Ninth Circuit interprets this section broadly. The mere filing of a petition in the tax court will deprive the district court of subject-matter jurisdiction to hear a subsequent suit for refund. See *First National Bank of Chicago v. United States*, 792 F.2d 954, 955-56 (9th Cir. 1986) (citing *United States v. Wolfe*, 238 F.2d 447, 449 (9th Cir. 1956)). The Court noted that this is also the appropriate application of the rule even if the issue before the district court was not litigated in the tax court. *Id*. at 956.

Plaintiffs argue that their claim constitutes a § 6512(a)(2) exception to the general rule against re-litigating tax issues under § 6512(a). The exception provides that § 6512(a) shall apply except "[a]s to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final." 26 U.S.C. § 6512(a)(2). The Defendant, in its reply brief [Dkt. #7] argues that Plaintiffs do not qualify under the § 6512(a)(2) exception because no additional tax has been assessed for 2001. The stipulated judgment of the Tax Court only held that Plaintiffs did not owe any further taxes for the 2001 tax year and the IRS did not subsequently assess additional tax deficiencies against Plaintiffs for the 2001 tax year. The Court concludes that Plaintiffs fail to meet the exception requirements of § 6512(a)(2) and that Defendant is entitled to summary judgment as a matter of law.

### 2. Plaintiffs' Claim is Barred by Res Judicata

A defendant may properly raise the affirmative defense of res judicata in its 12(b)(6) motion to dismiss. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). "Ordinarily affirmative defenses may not be raised by motion to dismiss . . . but this is not true when...the defense raises no disputed issues of

fact . . . See also *Concordia v. Bendekovic*, 693 F.2d 1073, 1075-76 (11th Cir.1982) [(defendant may raise a res judicata defense by motion where the defense's existence can be judged on the face of the complaint)]." *Kuhlmann*, 746 F.2d at 1378.

The doctrine of res judicata precludes parties in an action that has been reduced to a judgment on the merits from re-litigating issues that were or could have been raised in that action. See *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394 (1981). "In the tax context, once a taxpayer's liability for a particular year is litigated, 'a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and same tax year.'" *In re Baker* 74 F.3d 906, 910 (9th Cir. 1996) quoting *C.I.R. v. Sunnen* 333 U.S. 591, 598 (1948).

In a factually similar case, the Federal Court of Claims held that a tax court decision based on a stipulated agreement was res judicata as to a later claim involving a different issue:

> "[T]he Tax Court's decision of August 1958 with respect to 1942 is binding and *res judicata* in the present case . . . That decision bars further litigation not only on those aspects of the 1942 tax which were actually raised but also on the issues which could have been presented . . .This conclusion is not affected by the fact that the Tax Court decision was entered on the basis of an agreement by the parties to compromise the case. Tax Court judgments resting on such stipulations are *res judicata* for the years involved, although they may not be effective for other years." *Erickson v. United States,* 309 F.2d 760, 768 (Ct. Cl. 1962).

Plaintiffs are thus precluded from contesting liability for the 2001 tax year under the doctrine of res judicata and Defendant is entitled to judgment as a matter of law.[2]

### *III. Conclusion*

Although *pro se* litigants are given leeway where highly technical legal requirements are involved, Plaintiffs have failed to demonstrate that there exists a genuine issue of material fact. The Defendant is entitled to judgment as a matter of law. It is ORDERED that Defendant's Motion to Dismiss for lack of

---

[2] The Court does not decide whether res judicata or 26 U.S.C. § 6512(a) preclude a claim by Plaintiffs seeking tax reimbursement for 2000 as Plaintiffs only seek to re-litigate tax liability for 2001.

ORDER
Page - 7

subject-matter jurisdiction be GRANTED, and that this action be DISMISSED IN ITS ENTIRETY with prejudice.

IT IS SO ORDERED.

Dated This 19th day of June, 2009

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE